# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

IRVIN KENNETH CLARK                                              PLAINTIFF

v.                                              CIVIL NO. 1:16cv208-HSO-JCG

JACQUELINE BANKS, R. WOODALL,
and MIKE HATTEN                                                 DEFENDANTS

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [57] AND DISMISSING PLAINTIFF'S CLAIMS

This matter comes before the Court on the Report and Recommendation [57] of United States Magistrate Judge John C. Gargiulo, entered on January 2, 2018. Plaintiff Irvin Clark ("Clark") filed a lawsuit under 42 U.S.C. § 1983 against Defendants Jacqueline Banks ("Banks"), Ronald Woodall ("Dr. Woodall"), and Mike Hatten ("Hatten"). The Magistrate Judge recommended that the Motion [42] for Summary Judgment based on Sovereign and Qualified Immunity filed by Banks and Hatten and the Motion [46] for Summary Judgment filed by Dr. Woodall both be granted, and that Clark's claims be dismissed. R. & R. [57] at 14-15. After due consideration of the Report and Recommendation, the record, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, and that Clark's claims should be dismissed.

## I. BACKGROUND

A.   Factual Background

Clark is a prisoner in the custody of the Mississippi Department of Corrections ("MDOC") housed at South Mississippi Correctional Institution

("SMCI") in Leakesville, Mississippi. Clark alleges that beginning in November 2015, he experienced pain in his left shoulder. Compl. [1] at 4. Clark saw Nurse Practitioner Woodland for his shoulder pain, and Woodland ordered a shoulder x-ray. *Id.* Clark was next seen by Dr. McCleave, who referred Clark to be seen by an outside specialist at Southern Bone and Joint in Jackson, Mississippi. *Id.*

Clark alleges that months went by without the referral being completed. *Id.* Clark was seen by Dr. Woodall on February 27, 2016. *Id.* Clark states that Dr. Woodall gave him a shot for "tendonitis," but that the shot did not help the pain. Omnibus Tr. [44] at 12. Clark testified that he received additional x-rays in April and May 2016, which produced conflicting results. *Id.* at 21-24. Clark states that he was frequently seen by medical staff from March to May of 2016, and was offered shots for pain and prednisone for swelling. *Id.* Clark alleges that Woodland told him that nothing else could be done for his arm besides these pain-management options. *Id.* at 25.

B. Procedural History

On June 16, 2016, Clark filed a Complaint [1] pursuant to 42 U.S.C. § 1983 against Defendants. Clark claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The Complaint requests the Court to order a MRI of Clark's shoulder and seeks $50,000.00 in damages from each Defendant. Compl. [1] at 4. Clark alleges that pain and limited range of motion in his arm persist, *id.* at 5, and that he repeatedly asked about receiving an

2

MRI to determine the cause of his condition, but that he has yet to receive an MRI or see a specialist, *id.* at 13.

Clark claims that Banks, the superintendent of SMCI, knew of Clark's ongoing medical problem but failed to solve the situation. *Id.* at 5-6. Clark complains that Hatten, the medical director of SMCI, has shown deliberate indifference to his medical treatment. *Id.* at 7-8. Clark asserts that Dr. Woodall, as the senior physician at SMCI, has not ensured that Clark be seen by the Southern Bone and Joint Clinic as ordered by Dr. McCleave. *Id.* at 6. Clark has amended his Complaint to advance a claim that Dr. Woodall also lowered the dosage of his chronic pain medication in retaliation for filing this lawsuit. Omnibus Tr. [44] at 30; Am. Compl. [34] at 2.

On March 24, 2017, Banks and Hatten filed a Motion [42] for Summary Judgment, arguing that they are entitled to sovereign immunity on Clark's claims for monetary damages against them in their official capacities, and are otherwise entitled to qualified immunity against Clark's claims. Banks and Hatten also contend that Clark has failed to establish that they were deliberately indifferent to his medical needs.

On April 3, 2017, Dr. Woodall filed his own Motion [46] for Summary Judgment. Dr. Woodall asserts that Clark's allegations fail to establish either that his alleged shoulder pain amounted to an excessive risk to his health or that Dr. Woodall's treatment of Clark's shoulder pain evinced deliberate indifference towards Clark's serious medical needs. Dr. Woodall alternatively posits that the

3

undisputed record establishes that he was not deliberately indifferent to Clark's serious medical needs. Dr. Woodall also alleges that Clark failed to exhaust his administrative remedies for his claim that Dr. Woodall retaliated against Clark for filing this lawsuit.

The Magistrate Judge first found that the Eleventh Amendment bars Clark's claim for monetary damages against Banks and Hatten in their official capacities because Banks and Hatten are employees of MDOC, which is an arm of the State of Mississippi. R. & R. [57] at 8-9. The Magistrate Judge next concluded that all Defendants are entitled to qualified immunity because Clark has failed to state a constitutional violation. The Magistrate Judge further determined that Banks and Hatten are merely administrators, not medical professionals, and thus have no authority or responsibility to evaluate patients or order any type of medical treatment. *Id.* at 12-13.

With respect to Clark's claim of deliberate indifference against Dr. Woodall, the Magistrate Judge found that Dr. Woodall afforded Clark with medical care for his shoulder in that he evaluated Clark in the medical clinic, provided Clark with medication for pain relief, and ordered an x-ray of Clark's shoulder. *Id.* at 13. The Magistrate Judge further found that the failure to arrange for an MRI did not constitute deliberate indifference to Clark's medical needs, *id.*, and that Dr. Woodall is entitled to qualified immunity from Clark's deliberate indifference claim, *id.* at 14. Lastly, the Magistrate Judge concluded that Clark's retaliation claim should be dismissed for failure to exhaust administrative remedies. *Id.*

4

In accordance with the above findings, the Magistrate Judge recommended that both Motions for Summary Judgment should be granted, that Clark's deliberate indifference claims should be dismissed with prejudice for failure to state a claim, and that Clark's retaliation claim should be dismissed without prejudice for failure to exhaust administrative remedies. *Id.* at 14-15.

A copy of the Report and Recommendation [57] was mailed to Clark on January 2, 2018, via certified mail return receipt request and was received by Clark sometime prior to January 9, 2018. Acknowledgment of Receipt [58] at 1 (undated return receipt filed by Clerk of Court on January 9, 2018). Clark has not objected to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. Clark has failed to establish a violation of his constitutional rights, and Clark has conceded that he failed to exhaust his administrative remedies on his retaliation claim. The Court will adopt

5

the Magistrate Judge's Report and Recommendation [57] as the opinion of this Court.

Defendants Banks and Hatten's Motion [42] for Summary Judgment will be granted, Defendant Woodall's Motion [46] for Summary Judgment will be granted, Plaintiff Clark's claims for deliberate indifference will be dismissed with prejudice, and Plaintiff's claim for retaliation will be dismissed without prejudice for Plaintiff's failure to exhaust available administrative remedies.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [57], entered in this case on January 2, 2018, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion [42] for Summary Judgment based on Sovereign and Qualified Immunity filed by Defendants Jacqueline Banks and Mike Hatten, and the Motion [46] for Summary Judgment filed by Defendant Ronald Woodall, are both **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Irvin Clark's deliberate indifference claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

6

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Irvin Clark's retaliation claim against Defendant R. Woodall is hereby **DISMISSED WITHOUT PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 8th day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE